IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.D., by and through her guardian *ad litem* Judith Serrano, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 14 C 10106 |
| CREDIT ONE BANK, N.A., | ) ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Credit One Bank, N.A. has moved under 28 U.S.C. § 1404(a) to transfer this case to the District of Nevada. The Court denies Credit One's motion for the reasons stated below.

### Background

In December 2014, A.D., a minor acting through her guardian *ad litem* Judith Serrano, filed suit against Credit One under the Telephone Consumer Protection Act. A.D., who lives in southern California, says that she used a cellular phone that was in her parents' name. She alleges that Credit One violated the TCPA by calling her repeatedly on the phone without her consent, using an automated dialer, ostensibly to collect on a loan—even though she had no loan. A.D. sues on behalf of a putative nationwide class of similarly situated persons. Credit One has filed a motion under 28 U.S.C. § 1404(a) asking the Court to transfer the case to its home forum, the District of Nevada.

As indicated, A.D. filed suit in December 2014 and, at the same time, filed a

motion for class certification. Credit One first appeared by counsel in mid-January 2015. The first case management conference in the case ("status hearing," in local lingo) was held on February 11, 2015. At that conference, the Court set a deadline thirty days out for the parties' Rule 26(a)(1) disclosures and set another conference for mid-March, directing the parties to discuss and attempt to agree on a discovery and pretrial schedule. In the interim, Credit One answered the complaint.

At the March 2015 case management conference, the Court set deadlines for amending the pleadings and adding parties; making Rule 26(a)(2) disclosures; completing discovery; and filing an amended / updated motion for class certification. Shortly after that conference, the parties filed a stipulation pursuant to which A.D. agreed to withdraw without prejudice her motion for class certification in return for an understanding that would prevent Credit One from "picking off" A.D. via an offer of judgment that might render the class claims moot. The parties also filed an agreed motion for a confidentiality order concerning discovery.

The next case management conference was held in early April 2015. Shortly after that conference, the Court entered the proposed protective order and an order approving the stipulation for withdrawal without prejudice of the class certification motion. Credit One then filed a motion asking for a stay pending an allegedly anticipated ruling by the Federal Communications Commission that Credit One argued might affect the case. The parties briefed the motion in full, and the Court entered an order denying it in May 2015.

The next case management conference was held in late May 2015 and was conducted by another judge of this Court due to the absence of the undersigned judge.

In anticipation of that conference, Credit One filed a motion seeking leave to file a third party complaint. At the case management conference, the substitute judge entered an order denying the motion.

Another case management conference was held at the end of July 2015, and another was held in late September 2015. The Court notes that all of the conferences, other than the initial one in February 2015, were conducted via telephone for the convenience of counsel.

At each of the case management conferences, in addition to the subjects previously mentioned, the Court discussed with counsel the possibility of settlement and the status of discovery. In addition, at the first case management conference in February 2015, counsel advised the Court that there were two other overlapping putative class actions that had been filed, one in the Central District of California and the other in the District of Nevada. The Court discussed the status of those proceedings with counsel at all or most of the case management conferences that were held thereafter.

Credit One filed the present motion to transfer at the end of August 2015. This was the first time that Credit One had suggested that this forum was inconvenient or that the case should be transferred. Instead, Credit One participated in the litigation in this district in full without any complaint or even a hint that the case should proceed elsewhere. The Court set a schedule for briefing the motion to transfer, with a ruling date of October 22, 2015. In the interim, in mid-September 2015, A.D. filed a motion to compel certain discovery, noticing the motion for presentment on September 17. The Court heard the motion and ruled on it that day, granting it and directing Credit One to

produce the requested discovery within twenty-eight days.

## Discussion

To obtain a transfer under section 1404(a), the moving party must demonstrate that the proposed transferee forum is "clearly more convenient." *Heller Fin., Inc. v. MidWhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). "'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

**1.      Plaintiff's choice of forum**

Courts ordinarily give substantial weight to the plaintiff's choice of a forum, particularly when it is the plaintiff's home forum. *See In re Nat'l Presto Indus.*, 347 F.3d at 664 (plaintiff's choice "should rarely be disturbed"); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (common law forum non conveniens doctrine). That said, in a case like this one where the plaintiff has sued outside her home forum, the plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff . . . ." *Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (internal quotation marks omitted). In this case, there is no indication that any of the conduct alleged by A.D. originated from Illinois. On the other hand, the members of the potential class likely include at least some Illinois residents (Credit One has not yet produced materials that would enable identification of

potential class members). Thus the Court assumes this is a case in which less deference is given to the plaintiff's choice of a forum. *See Piper Aircraft*, 454 U.S. at 255–56. Less deference, however, does not mean no deference. *See Qurio Holdings, Inc. v. DISH Network Corp.*, No. 14 C 7504, 2015 WL 536002, at *1-2 (N.D. Ill. Feb. 9, 2015) (Kennelly, J.).

**2.    Convenience of the parties and witnesses**

Some of the factors typically considered in assessing the convenience of the parties and witnesses tilt the balance in favor of transfer; others are neutral.

- Neither A.D. nor the apparent owner of the cellular phone live in Illinois; they are in California. There likely are some members of the putative class in Illinois, but that is likely true of most other states as well.

- Credit One is headquartered in Nevada, so it would be more convenient for Credit One to litigate there. That said, transfer is inappropriate when it simply shifts the balance of convenience from one party to the other. *Research Automation*, 626 F.3d at 978. In addition, the Court has conducted virtually all of the case management / status conferences by telephone and intends to continue to do so, which reduces the inconvenience to a significant extent, at least during the pretrial phase of the case.

- That said, in terms of the parties' convenience, litigating in Nevada certainly would be more convenient for Credit One than litigating in Illinois. A.D. has offered no viable reason to believe that it would be significantly less convenient for her to litigate in Nevada than here.

- Credit One's records are in Illinois, but these were produced, or at least there

was an agreement to produce them, well before Credit One filed its motion to transfer. And as the Court has previously discussed, given the way records are maintained and produced these days, the site of the lawsuit has little impact on the convenience of record production. See *Qurio Holdings*, 2015 WL 536002, at *3-4. Thus the issue of "access to sources of proof" does not appear to be a significant convenience factor in this case.

- Though one might think it likely, given Credit One's location, that some witnesses will be located in Nevada, Credit One does not identify a single potential witness, from Nevada or otherwise, in its motion. Rather, it makes only a general statement that its "personnel knowledgeable of [its] account and call related business records and [its] telephone dialing system" are located in Nevada. Def.'s Mem., Harwood Affid ¶ 13. Seeing as how all of the evidence regarding the identity of the key witnesses concerning those points is in Credit One's hands, its failure to get specific on this point is a significant omission that reduces the weight appropriately given to Credit One's general contention. In addition, in her response, A.D. says that the evidence garnered thus far shows that Credit One's call center was located outside of Nevada, which suggests that the key witnesses regarding how and on what basis the calls in question were placed may be in other states or even in other countries (in particular, Canada). *See* Pl.'s Resp., Ankcorn Affid. ¶¶ 7-9, 11. In addition, the evidence appears to reflect that the telephone dialing equipment used by Credit One is maintained, configured, and controlled by outside vendors, not by the bank. *Id.* ¶ 12. Credit One made no effort in its reply to contradict any of these contentions. In sum, on

the current state of the record, the factor of "convenience of witnesses" does not weigh in favor of transfer. The same is true regarding the factor of where the material events occurred, for the reasons just discussed. The Court also notes that there is reason to believe, based on testimony by a Credit One representative, that a significant proportion of the customers who might have received automated calls are located in the eastern half of the United States. *See id.* ¶ 10.

3. **Interests of justice**

- Because the case arises under a federal statute, both this Court and judges in the proposed transferee district are equally familiar with the applicable law.

- Nevada is where Credit One is headquartered, and no named party is located in Illinois. Thus the case has a closer relationship with the District of Nevada than this district, though this is attenuated to some extent in view of the evidence indicating the Credit One's call centers are located and maintained outside of Nevada, by outside vendors who likely are located outside of Nevada.

- Related litigation is pending in the District of Nevada, and if one assumes transfer would result in consolidation of the two cases, that is a factor favoring transfer. The Court also notes, however, that another related case is pending in the Central District of California, and there is no indication that transfer of that case is likely or has even been sought by Credit One. This discounts this particular factor to some extent.

- Published statistics reflect that the average time to disposition of civil cases is quicker in this district than in the District of Nevada. *See* Pl.'s Resp. at 10. The

Court has previously discounted the significance of such statistics, however, because they concern civil cases in the aggregate and not the particular type of case at issue, and because they are not judge-specific. *See, e.g., Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009) (Kennelly, J.). The Court does note, however, that disputed matters in the present case have been handled *very* expeditiously. *See* Pl.'s Resp. at 10-12. In addition, the only extension of time worthy of note was one the Court granted just the other day, and that was given due to the time Credit One said that it needs to produce certain records.

- An important "interests of justice" factor in this case, in the Court's view, is the timing of Credit One's motion—more specifically, its unexplained delay in moving for transfer. The factors that Credit One has cited in favor of transfer existed from the very outset of the case. Yet Credit One made no effort to seek transfer of this case until after it had progressed significantly; some preliminary rulings had not gone Credit One's way; and, it is fair to say, it appeared that this case was moving more quickly than the similar case in Nevada. This suggests a tactical motivation for Credit One's motion. The Court is not so naïve to assume that litigants act, or should be expected to act, without considering tactical advantage. But when a court considers "the interests of justice" as required under section 1404(a), it is appropriate to take a skeptical view of a motion whose focus appears *primarily* tactical, at least when the motion is otherwise close on the merits.

## Conclusion

In summary, some of the factors typically considered in deciding whether to transfer a case under section 1404(a) weigh in favor of transfer. Others are neutral. The interests of justice, however—in particular the stage of the case and timing of the motion to transfer, as the Court has discussed—weigh against transfer. The Court concludes that Credit One has failed to show that the balance weighs strongly in favor of transfer, such that the Court should disturb A.D.'s choice of this forum. The Court therefore denies Credit One's motion to transfer.

Date: October 25, 2015

_____
MATTHEW F. KENNELLY
United States District Judge