IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **A.D.**, *et al.*, | Case No. 1:14-cv-10106 |
| v. | Hon. Matthew F. Kennelly |
| **Credit One Bank, N.A.** | |

**Reply Brief
in Support of Plaintiff's Motion to Certify
for Interlocutory Review**

Plaintiff A.D. respectfully asks that the Court certify the issue of what knowledge a non-signatory to an arbitration agreement must have under the direct benefits estoppel theory for interlocutory review. Contrary to Defendant's arguments in opposition (dkt. 123), the question is ripe for appellate review, presents a contestable question that controls the outcome here, and would substantially speed up the litigation.

Through this motion, Plaintiff respectfully requests the Court to certify a very discrete question of law for interlocutory review:

> **What constitutes a "direct" benefit sufficient to compel a non-signatory consumer to arbitration under the "direct benefit" theory of equitable estoppel?**

Given the "dearth" of precedent in the Seventh Circuit analyzing direct benefits estoppel,[1] and the range of applications of the theory among district courts in the Seventh Circuit, this issue is appropriate for interlocutory review pursuant to 28 U.S.C. § 1292(b).

---

[1] *See Everett v. Paul Davis Restoration, Inc.*, 771 F.3d 380, 384 (7th Cir. 2014).

1

Indeed, in opposing this motion, Credit One could not cite a single case — within the Seventh Circuit or elsewhere — in which a court held that a consumer was bound to arbitration even though she was never a party to the agreement containing the arbitration clause.

Estoppel is an equitable doctrine, which must "be applied flexibly by a federal court to achieve fairness and avoid injustice." *Water, Inc. v. N. Vernon*, 895 F.2d 311, 316 (7th Cir. 1989) (internal quotations omitted). Moreover, as set forth below, multiple district court decisions in this Circuit have applied a narrower view than this Court did when applying the direct-benefit theory of equitable estoppel. Specifically, those cases limit the doctrine's application to only those cases where the non-signatories sought to enforce one provision of a contract while seeking to avoid enforcement of the arbitration clause. As such, because Plaintiff does not seek to enforce any aspect of the Cardholder Agreement, but rather alleges wholly unrelated claims against Defendant for its violations of the Telephone Consumer Protection Act (TCPA), there is a substantial likelihood that the Seventh Circuit will decline to extend the direct benefit estoppel theory here. Plaintiff is a minor, whose only alleged "benefit" of the agreement at issue occurred when her mother gave Plaintiff her credit card to pick up a pre-ordered juice smoothie at the mall. The Seventh Circuit should be given the opportunity to weigh-in on this very specific question.[2]

---

[2] Defendant's assertion that a "substantially identical motion (to certify an interlocutory appeal of an order compelling arbitration) was denied in *Leff v. Deutsche Bank AG*, 2009 WL 4043375 (N.D. Ill. 2009) is misleading. Opp. Mem. at 1. *Leff* involved a non-signatory's attempt to enforce an arbitration clause against signatories to the arbitration agreement (as opposed to this case where Plaintiff herself is the non-signatory and is challenging the applicability of the arbitration agreement). *Id.* at *9-10. In fact, the court actually recognized that "the proper standard to be applied when determining the defendant's estoppel claim" constituted a "pure question of law" for purposes of

**Argument**

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000). Plaintiff meets each of these criteria, and certification of this issue for appeal is warranted.

**1. Plaintiff Presents a Clear Question of Law for Interlocutory Appeal**

The Seventh Circuit has interpreted the term "question of law," as it is used in section 1292(b) to be "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. Where a case turns on a pure question of law, and may be determined by the reviewing court "quickly and cleanly without having to study the record," then certification for interlocutory appeal is appropriate. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010).

Here, Defendant moved to compel arbitration, arguing that since Plaintiff obtained a direct benefit of the credit card issued by Defendant to Plaintiff's mother, Plaintiff was bound by the card's arbitration provision. Motion to Compel Arbitration (dkt 106) at 8-9. Defendant took the position that that Plaintiff's claims in this lawsuit are irrelevant for the application of the estoppel doctrine because once she received a benefit from the contract, she became bound by all its terms. *Id.*

---

interlocutory appeal. *Id.* at *5-6. And the court also "recognized that the question that plaintiffs ask to be certified has not been specifically addressed by the Seventh Circuit," and found the question to be "contestable." *Id.* at *12. On the facts of that case, however, where (unlike here) plaintiffs were sophisticated investors, and were signatories to the arbitration agreement at issue, the court found that there was a substantial likelihood that the outcome on appeal would not change the trajectory of the case and would therefore not "materially advance the termination of the litigation." *Id.* at *18.

Plaintiff, opposing the motion, argued that a party may only be estopped under the direct benefit estoppel theory where her claims specifically arise out of the contract at issue. Plaintiff's Opposition to Motion to Compel Arbitration (dkt. 113) at 9-10. Because her claims at issue in this litigation involve Defendant's repeated calls to her cellular phone without her consent in violation of the TCPA, and are thus wholly independent from the Cardholder Agreement, Plaintiff argued that she should not be bound by that agreement's arbitration provision. *Id.* Plaintiff also disputed that she had obtained any benefit, direct or otherwise, because the record was unclear and could not support a finding that she had ever used the credit card; at most, Plaintiff's mother testified that she *might* have given the card to Plaintiff on one occasion to run into a juice shop to pay for her mother's pre-ordered smoothie. *Id.*, at 7-8 ("that's sometimes what happens when we go to the mall.").

The Court granted the motion, premised on the application of the common law doctrine of direct-benefit equitable estoppel. Order Compelling Arbitration (dkt. 118), at 22. The Court declined to analyze whether the principle applies only where a plaintiff's claims directly relate to the contract at issue (as Plaintiff argued) and instead looked to whether the Plaintiff received any "benefit" at all from her mother's credit card (as Defendant argued). *Id.* (finding that by using her mother's credit card, Plaintiff "directly benefitted" from the Cardholder Agreement and was therefore bound by its arbitration agreement).

Whether or not the Court should have instead applied the more narrow standard for equitable estoppel as suggested by Plaintiff — namely that the doctrine only applies where a non-signatory to an arbitration agreement files suit against the signatory **premised on the agreement that contains the arbitration clause at issue** — is a question of law. *See e.g. Transatlantic Reinsurance Co. v. Nat'l Indem. Co.,* No. 14-cv-1535, 2014 U.S. Dist. LEXIS 85533, at *12 (N.D. Ill. June 26, 2014) (denying motion to compel arbitration and finding that direct-benefit estoppel requires that plaintiff's claims are

4

premised on the contract). There is no need for the Seventh Circuit Court to pore through a voluminous record to rule on the proper standard for direct-benefits estoppel; rather it may resolved "quickly and cleanly," weighing in favor of certification here. *In re Text Messaging Antitrust Litig.*, 630 F.3d at 626; *see also Ahrenholz*, 219 F.3d at 677 (the term "question of law" means "a 'pure' question of law rather than merely [. . .] an issue that might be free from a factual contest").[3]

### 2. Whether or Not Plaintiff is Estopped from Challenging the Arbitration Agreement is a Controlling Issue

The application of a legal standard is a controlling question of law within the meaning of section 1292(b). *In re Text Messaging Antitrust Litig.*, 630 F.3d at 626. Here, it is undisputed that the issue as to whether Plaintiff is properly bound by the Cardholder Agreement is controlling. *See* Opp. Mem. [doc. No. 123] at 2 ("The controlling issue is whether A.D. is bound by the Cardholder Agreement."). It is also beyond dispute that Plaintiff is not a signatory to the Cardholder Agreement. Thus the only way in which Plaintiff (an individual) could be bound by the terms of an agreement she didn't sign is through the application of the direct benefit theory of equitable estoppel. *See Zurich Am. Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 688 (7th Cir. 2005) (holding a stranger to a contract may nevertheless be bound by its terms "if he knowingly seeks the benefits of the contract containing the arbitration clause.").

Because Plaintiff's right to a jury trial and her ability to maintain this action on behalf of others similarly situated is directly dependent up on the application of the correct legal standard under the doctrine of equitable estoppel, Plaintiff meets the second criterion for certification here.

---

[3] Credit One apparently concedes this point. While it baldly asserts that Plaintiff has failed to present a "pure question of law," it does not support its contention anywhere in its brief. *See e.g.* Opp. Mem., at 2, 14.

### 3. The Proper Application of the Direct-Benefit Estoppel Theory is Contestable

The third factor for certification under section 1292(b) "requires an analysis of whether the issues presented for certification are contestable, or, in other words, that substantial grounds for a difference of opinion on the issues exist." *SEC v. Buntrock*, No. 02-cv-2180, 2003 U.S. Dist. LEXIS 1636, at *8 (N.D. Ill. Jan. 29, 2003); 28 U.S.C. § 1292(b).

In this case, as exhibited by the range of case law cited by both parties, there is no doubt that this factor is satisfied. While Plaintiff maintains her assertion that she is not bound by the Cardholder Agreement, and she is not estopped from so arguing, at bottom there is a difference of opinion among District Courts in the Seventh Circuit as to the proper application of the direct-benefits estoppel theory. Indeed, Defendant readily admits that the Seventh Circuit has not definitively ruled on this issue. Opp. Mem. at 3; *see also Everett v. Paul Davis Restoration, Inc.*, 771 F.3d 380, 384 (7th Cir. 2014) ("There is a relative dearth of precedent regarding direct benefits estoppel" and approving of the district court's reliance on cases from the Second Circuit).[4]

Multiple courts in this District and elsewhere in the Seventh Circuit have applied a narrower application of the direct-benefits estoppel theory. For example, in *Pereira v. Santander Consumer USA, Inc.*, Judge Kocoras held that, where the plaintiff (like Plaintiff here) was a non-signatory to the contract containing an arbitration clause, and (also like Plaintiff here) a close family member of the signatory, the fact that the plaintiff drove her husband's car was insufficient to establish that she "directly

---

[4] Although *Everett* considered the application of the direct-benefit estoppel theory as it applied to a plaintiff who was half-owner of the business subject to the arbitration agreement, the Court did not consider the doctrine as it applies to consumers. *See id.*, 771 F.3d at 384 (applying direct-benefit estoppel upon a finding that the plaintiff benefitted from "trading upon the name, goodwill, reputation and other direct contractual benefits of the franchise agreement," and "colluded to avoid the franchise agreement in order to leave [plaintiff] free from the contractual obligations contained in it.") Plaintiff, despite a diligent search, has been unable to find any decision of the Seventh Circuit on the direct-benefit estoppel theory in a consumer context.

benefitted" from the financing agreement her husband entered into when purchasing the car. No. 11-cv-8987, 2012 U.S. Dist. LEXIS 45627, at *3 (N.D. Ill. Apr. 2, 2012). The Court distinguished the case from those in which "non-signatories sought to enforce one provision of a contract while seeking to avoid enforcement of the arbitration clause," and denied the lender defendant's motion to compel the plaintiff's TCPA claims to arbitration, finding "the use of an automobile is a benefit far too removed from the agreement for this Court to compel arbitration." *Id.*; *see also Transatlantic Reinsurance Co. v. Nat'l Indem. Co.*, No. 14-cv-1535, 2014 U.S. Dist. LEXIS 85533, at *12 (N.D. Ill. June 26, 2014) (denying motion to compel arbitration and observing: "The touchstone of this form of estoppel thus is **whether the non-signatory has brought suit against the signatory premised upon the agreement** that contains the arbitration clause at issue, thus seeking the agreement's direct benefits.") (emphasis added); *Scheurer v. Fromm Family Foods LLC*, No. 15-cv-770-jdp, 2016 U.S. Dist. LEXIS 109773, at *8 (W.D. Wis. Aug. 18, 2016) (denying motion to compel arbitration in contract between non-signatory employee and employer and observing, "the critical issue is whether a **plaintiff's claims are connected to an underlying contract** that contains an arbitration clause.")

As Defendant has pointed out, however, and this Court agreed, another potential application of the direct benefit estoppel theory is whether the Plaintiff received a benefit "during the life of the contract." *See* Opp. Mem. at 6 (*citing Int'l Ins. Agency Servs., LLC v. Revios Reinsurance U.S., Inc.*, No. 04 C 1190, 2007 WL 951943, at *4 (N.D. Ill. Mar. 27, 2007) (compelling arbitration in part due to benefit received during the life of the contract)); Order compelling Arbitration [dkt. No. 118] at 22 ("The doctrine of estoppel exists in this context 'to prevent a litigant from unfairly receiving the benefit of a contract while at the same time repudiating what it believes to be a disadvantage in the contract, namely the contractual arbitration provision.'")(quoting *Gersten v. Intrinsic Techs., LLP*, 442 F.Supp.2d 573, 579 (N.D. Ill. 2006)). This Court ruled, "That is precisely what

7

A.D. is attempting to do. The Cardholder Agreement allowed her to represent that Credit One would pay for a purchase she made." *Id.*

The Seventh Circuit has expressly recognized that estoppel is an equitable doctrine, which must "be applied flexibly by a federal court to achieve fairness and avoid injustice." *Water, Inc.,* 895 F.2d at 316. In light of this general principle, as well as the line of district court decisions within the Seventh Circuit declining to compel arbitration on a direct-benefit estoppel theory as set forth above, Plaintiff has demonstrated that a "substantial likelihood" exists that this court's ruling will be reversed on appeal. *See United States CFTC v. Kraft Foods Grp, Inc.,* No. 15 C 2881, 2016 U.S. Dist. LEXIS 93533, at *18 (N.D. Ill. July 19, 2016) (where the controlling court has not definitively decided an issue, certification is proper where a substantial likelihood exists that the district court will be reversed on appeal).

Given the substantial difference of opinion among District Courts in the Seventh Circuit, guidance from the Seventh Circuit as to the proper application of the direct-benefit estoppel doctrine would be beneficial to all district courts, and certification is proper here.[5]

### 4. Certification will Materially Advance the Litigation

The fourth and final factor the Court should consider when determining whether to certify a matter for interlocutory appeal is whether certification will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b);

---

[5] Defendant goes to great lengths to cite cases supporting the unremarkable proposition that a parent may bind her child to a contract she signs on her on her behalf. *See* Opp. Mem. [dkt No. 123] at 9, 11, 12. But these cases are all inapposite; at least as it relates to this case, Mrs. Serrano never signed agreement at all "on behalf of her daughter." Mrs. Serrano merely asked her daughter to use her credit card to pick up a beverage that she pre-ordered. *Cf Hojnowski ex rel. Hojnowski v. Vans Skate Park,* 375 N.J. Super. 568, 868 A.2d 1087 (App.Div. 2005) (finding mother's signing of waiver *on behalf of her son* was binding upon son when he used the skate park).

*Ahrenholz*, 219 F.3d at 675. Plaintiff meets this final factor as well. In its order compelling arbitration, the Court did not dismiss this case but instead ordered the proceedings stayed pending the outcome of arbitration. Order (dkt. 118), at 22-23. Certification for interlocutory appeal will speed up the termination of litigation because it will enable the Seventh Circuit to determine the proper application of the direct-benefit estoppel doctrine now, and enable the parties to proceed to jury trial if Plaintiff's appeal is successful. If certification is denied, the litigation could be extended for several months or years: Plaintiff will be forced to endure arbitration, then challenge its outcome back before this court, then appeal to the Seventh Circuit once final judgment is entered.

## Conclusion

Because Plaintiff has demonstrated all four of the factors enumerated under 28 U.S.C. § 1292(b), and shown that efficiency and judicial economy will be promoted by certification for interlocutory appeal, Plaintiff respectfully requests that this Court grant plaintiff's motion and certify the narrow issue of direct-benefits estoppel for appellate review.

Respectfully submitted this 14th day of October, 2016,

| | |
|---|---|
| */s/ Mark Ankcorn* | */s/ Roberto Robledo* |
| California & Federal Bar No. 166871 | California & Federal Bar No. 260041 |
| *mark@ankcorn.com* <br> ANKCORN LAW FIRM, PC <br> 1608 S. Ashland Ave. #92015 <br> Chicago, Illinois 60608-2013 | *roberto@robertorobledo.com* <br> LAW OFFICES OF ROBERTO ROBLEDO <br> 9845 Erma Road, Suite 300 <br> San Diego, California 92131 <br> (619) 500-6683 phone <br> (619) 810-2980 fax |
| 11622 El Camino Real, Suite 100 <br> San Diego, California 92130 <br> (619) 870-0600 phone | Attorneys for Plaintiff |

**Certificate of Service**

    I hereby certify that on October 14, 2016, I electronically filed the above and foregoing notice and motion through the Court's CM/ECF System, which perfected service on all counsel of record.

*/s/ Mark Ankcorn*